**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-1069C

(Filed: February 25, 2015)

(NOT TO BE PUBLISHED)

FILED

FEB 25 2015

U.S. COURT OF
FEDERAL CLAIMS

```
*************************************
                                     )
JOANN COLLINS MCCLAY AND             )
JOHN F. MCCLAY,                      )
                                     )
                                     )
                  Plaintiffs,        )
                                     )
     v.                              )
                                     )
UNITED STATES,                       )
                                     )
                  Defendant.         )
                                     )
*************************************
```

Joann Collins McClay and John F. McClay, *pro se*, Mays Landing, New Jersey.

Kristin McGrory, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Joyce R. Branda, Acting Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Allison Kidd-Miller, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiffs Joann and John McClay allege that the government through the United States Postal Service ("Postal Service") fraudulently delivered their mail to the wrong address and invaded their privacy. *See* Compl. at ¶¶ 4-7, 10-13. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") and for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). *See* Def.'s Mot. to Dismiss *Pro Se* Compl. ("Def.'s Mot.") at 1, ECF No. 5.

## BACKGROUND

Ms. McClay resides in Mays Landing, New Jersey. Compl. ¶ 2. In July 2014, a woman who lived in her home moved out, relocating to Brigantine, New Jersey. Compl. ¶¶ 3-4. Upon moving, the woman registered a change of mailing address with the Postal Service. Compl. ¶ 4. In August 2014, the woman called the McClays to inform them that she received a letter addressed to them from the United States Postal Service Change of Address Security Division ("Security Division") informing the McClays that their mailing address had been changed to her address in Brigantine. Compl. ¶ 5. At no time did the McClays request a change in their mailing address. Compl. ¶ 5.

The McClays made several attempts to correct the error. Compl. ¶¶ 10, 13. Ms. McClay first went to her local post office and explained the situation. Compl. ¶ 5. After entering information into a handheld device, the postmaster who assisted Ms. McClay assured her that her address had been corrected; however, after a few days, the McClays still did not receive any mail. Compl. ¶¶ 5-7. Later, Ms. McClay returned to the post office and was assisted by a different postmaster who likewise assured Ms. McClay that she would receive mail the following day; nonetheless, no mail arrived. Compl. ¶ 7. Finally, in early September 2011, Ms. McClay called the Security Division and was given a case number, assured the problem was corrected, and transferred to the fraud department. Compl. ¶ 10. However, the McClays later received notifications from creditors stating that they had received notice from the Postal Service of the couple's change of address. Compl. ¶ 11. Despite an additional conversation with a representative from the Postal Service's Fraud Department, as of October 27, 2014, the issue had not been resolved. Compl. ¶¶ 10-11.

The McClays claim that the rerouting of their mail has inconvenienced them and compromised their privacy and their control over their personal belongings. Compl. ¶ 9. Ms. McClay was particularly troubled by the fact that some of her forwarded mail included a notice from family court and a bill from Atlantic County Behavior Health for therapy treatment. Compl. ¶ 7. The McClays aver that giving others access to Ms. McClay's personal letters violated their privacy and the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. 104-191, 110 Stat. 1936 (1996) (codified as amended in scattered sections of Title 42 of the United States Code). Compl. ¶ 7. In addition, the McClays allege that the change in their mailing address has negatively affected their ability to file for federal grants, Pls.' Sur-Reply at 1, ECF No. 8, and their credit because they are on a special mortgage program that restricts their ability to move or lease their home, Compl. ¶ 12; Pls.' Resp. to Def.'s Mot. to Dismiss ("Pls.' Opp'n") at 2, ECF No. 6. In terms of relief, the McClays request an injunction directing the Postal Service to correct their address and $100,000 for their "distress." *See* Pls.' Opp'n at 2.

The McClays filed a complaint in this court on November 3, 2014. The pending motion is fully briefed and accordingly is ready for disposition.

## STANDARDS FOR DECISION

"[A] 'court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits.'" *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002)). It is the plaintiffs' burden to allege "in [their] pleading the facts essential to show [subject matter] jurisdiction" by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). When evaluating a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the court will "normally consider the facts alleged in the complaint to be true and correct." *Reynolds*, 846 F.2d at 747 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Act waives sovereign immunity, allowing a claimant to sue the United States for monetary damages. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Tucker Act itself, however, does not provide a substantive right to monetary relief. *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc). "A substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216. To fulfill the jurisdictional requirements of the Tucker Act, the plaintiff must establish an independent right to monetary damages by identifying a substantive source of law that mandates payment from the United States for the injury suffered. *Testan*, 424 U.S. at 400; *see also Ferreiro v. United States*, 501 F.3d 1349, 1351-52 (Fed. Cir. 2007) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

## ANALYSIS

The McClays fail to identify "any substantive right enforceable against the United States" that would confer jurisdiction upon this court. *See* Def.'s Mot. at 4 (citing *Testan*, 424 U.S. at 398). In their complaint, the McClays do not allege any facts demonstrating the existence of a contract between them and the United States, nor do they identify an applicable money-mandating statute that would allow the court to exercise jurisdiction under the Tucker Act. First, the McClays's allegations of conversion of mail, invasion of privacy, and fraud are all tort claims which are explicitly excluded from this court's jurisdiction under the Tucker Act. *See Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 2003) (noting that the Tucker Act limits this court's jurisdiction to "cases *not* sounding in tort") (quoting 28 U.S.C. § 1491(a)(1)) (emphasis in original); *Reid v. United States*, 95 Fed. Cl. 243, 249 (2010) (noting that identity theft and invasion of privacy are tort claims over which the Court of Federal Claims lacks jurisdiction). Additionally, this court lacks jurisdiction to entertain the McClays' claim that "HIP[A]A laws were violated by the [Postal Service]," Compl. ¶ 7, because HIPAA claims are not money-mandating, *see generally Fisher*, 402 F.3d at 1172 (discussing the two-part test for determining

3

whether a source of law is "money-mandating" for the purposes of supporting Tucker Act jurisdiction).[1]

Additionally, this court also lacks the juridical power to grant the McClays the injunction that they request. The court exercises equitable authority only under specific statutory grants, generally, though not always, where such relief is "'tied and subordinate to a money judgment.'" *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting *Austin v. United States*, 206 Ct. Cl. 719, 723 (1975)). When it is not "an incident of and collateral to" an award of monetary relief, 28 U.S.C. § 1491(a)(2), equitable relief may be granted by the court under certain tax statutes, *e.g.*, 26 U.S.C. § 6331(i)(4)(B), *see Beard v. United States*, 99 Fed. Cl. 147, 157-58 (2011), under the Contract Disputes Act, 41 U.S.C. § 7104(b)(1), and 28 U.S.C. § 1491(a)(2), *see Alliant Techsys., Inc. v. United States*, 178 F.3d 1260, 1268-70 (Fed. Cir. 1999), and as part of its jurisdiction over bid protests under 28 U.S.C. § 1491(b)(2), *see PGBA, LLC. v. United States*, 389 F.3d 1219, 1224-27 (Fed. Cir. 2004). However, none of those circumstances apply in this case. In sum, the court lacks jurisdiction to entertain the McClays' claims.[2]

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED, and Mr. and Ms. McClay's complaint is dismissed pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction. The clerk shall enter judgment in accord with this disposition.

---

[1] HIPAA in relevant part protects the confidentiality and security of healthcare information. The Act focuses on regulating persons and entities with access to such information rather than providing an avenue for relief for individuals whose privacy has been compromised. *See Agee v. United States*, 72 Fed. Cl. 284, 289-90 (2006). While the Federal Circuit apparently has not yet addressed whether HIPAA creates rights that are privately enforceable against the federal government, this court and other federal courts have concluded that HIPAA does not engender such rights. *See, e.g., id.* at 298; *Runkle v. Gonzales*, 391 F. Supp. 2d 210, 237-38 (D.D.C. 2005); *University of Colo. Hosp. v. Denver Pub. Co.*, 340 F. Supp. 2d 1142, 1145 (D. Colo. 2004); *Means v. Independent Life & Accident Ins. Co.*, 963 F. Supp. 1131, 1135 (M. D. Ala. 1997) ("[T]he court finds no[] evidence of congressional intent to create a private right of action under the HIPAA.") (citing *Wright v. Combined Ins. Co. of Am.*, 959 F. Supp. 356, 361 (N.D. Miss. 1997)). Regardless, the statute is not money-mandating because the provisions that provide for penalties for violations, ranging from civil penalties to a $250,000 fine and ten years' imprisonment, 42 U.S.C. §§ 1320d-5, 1320d-6(a)(2), (3), do not identify any intended beneficiary entitled to compensation or confer privacy rights on any specific class of persons. *See Bruno v. CSX Transp., Inc.*, 262 F.R.D. 131, 134 n.3 (N.D. N.Y. 2009); *University of Colo. Hosp.*, 340 F. Supp. 2d at 1144; *cf. Murphy v. Dulay*, 768 F.3d 1360, 1368-77 (11th Cir. 2014) (holding that an authorization form required by Florida statute for use in advance of a medical negligence suit met HIPAA requirements for valid and written authorization for disclosure of protected health information, and the Florida statute was not preempted by HIPAA).

[2] Because the court has resolved the case on jurisdictional grounds, it need not address the government's motion to dismiss under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted.

No costs.[3]

It is so **ORDERED**.

_____
Charles F. Lettow
Judge

---

[3]The McClays' Motion for Move to Proceed *in forma pauperis*, ECF No. 3, is GRANTED.